William W. Serba, S.
This is a proceeding for construction" of a will upon judicial settlement of1 the accounts of the executrix. It appears that the decedent executed a last will and testament on September 10, 1958. The will is simple, directing payment of just debts and funeral expenses, then providing:
“ second : I give, devise, and bequeath all my household furnishings and the real property commonly known as #70 Chamberlin Street, Wellsville, New York conveyed to me by deed dated November 20, 1953 and recorded in Allegany County Clerk’s Office in Liber 473 of Deeds page 210 to my son, Carl Bissell, in view of his investment in and management of the aforesaid realty, to have and to hold to him and his distributees forever.”
The residuary is left to “ my children equally, share and share alike.” The executor has an expressed full power of sale of real estate.
At the time of the execution of the will, testatrix had eight children, of whom Carl Bissell was one. Carl died on October 26, 1961, leaving two children, Kevin and Sheila, and a widow, Patricia Bissell, surviving. Patricia remarried on June 24,1965, and on or about the 29th day of November, 1966, she and her husband William Schreiner adopted the two children. On June 30, 1968, the testatrix died without changing her will. The personal property of the estate was insufficient to pay expenses of administration and the real estate was sold. The balance of the estate consists of the remainder of the proceeds of the sale of the real estate. The petition seeks a determination of the rights of the parties to the proceeds of the sale.
The problem presented is a construction of the effect of chapter 14 of the Laws of 1966, now section 117 of the Domestic Relations Law, effective March 17,1964. The scheme of section 117 was, of course, to make adopted children, insofar as possible and for all purposes the children of the adoptive parents and to sever their rights to an interest in the estate of the consenting natural parent through inheritance from the estate of such parent. A clear reservation of rights is, however, made by subdivision 2 which reads as follows: “ 2. This section shall apply only to the intestate descent and distribution of real and personal property and shall not affect the right of any child to distribution of property under the will of his natural parents or their natural or adopted kindred whether such natural parent or kindred shall have died heretofore or shall die hereafter or under any inter vivas instrument heretofore or hereafter executed by such natural parent or his or her kindred.”
*332 The court finds as a matter of law that the situation here is precisely the one contemplated by subdivision 2 of section 117. The children of Carl were his natural children, intended by their grandmother to receive the specified property should he not survive her by reason of her son’s stated “investment in and management of the aforesaid property ”, Carl, the son, did not surrender his children for adoption, or in any way act to terminate the parental relationship. The children are not taking from him in intestate descent, but as designees of a class in the grandmother’s will. They were, in effect, a part of the plan of the testatrix for the disposition of her property. Their rights under the will are preserved by the exception of the statute, and they are entitled to take to the exclusion of the remaindermen insofar as the balance of the proceeds of the real estate sale is concerned, even though this may be, as shown in the account, the entire balance of the estate. (See, also, EPTL 3-3.3.)